[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-14972
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cv-04195-WBH

MEDGAR O. WILLIS,
SHARON R. WILLIS,

                                                                Plaintiffs-Appellants,

versus

GOLDMAN SACHS,
OCWEN LOAN SERVICING, LLC,

                                                                Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 16, 2015)

Before ED CARNES, Chief Judge, MARCUS and WILLIAM PRYOR, Circuit
Judges.

PER CURIAM:

Medgar and Sharon Willis filed this pro se action asserting claims related to the imminent foreclosure sale of their Georgia residence.  They appeal the district court's dismissal of their complaint for failure to state a claim.

We review de novo a grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).  A court is permitted to consider documents extraneous to the pleadings without converting a motion to dismiss into a motion for summary judgment if (1) they are central to the claim and (2) their authenticity is not challenged.  SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010).

The Willises do not deny that they executed mortgage documents containing a power of sale provision that gives the original owner of the security deed or its "successors and assigns" the right to foreclose in the event of default.  Nor do they deny that they defaulted.  Instead, their sole contention — upon which they assert claims of fraud, slander, wrongful foreclosure, intentional infliction of emotional distress, negligence, and unjust enrichment — is that Goldman Sachs Mortgage Company (GSMC) was never assigned the security deed and therefore cannot lawfully commence foreclosure proceedings.  But that contention is belied by real estate records attached to the defendants' motion to dismiss, including a notarized "Corporate Assignment of Mortgage" from assignor M&T Bank to assignee

GSMC filed in Clayton County, Georgia, on March 3, 2011.[1]  The Willises, confronted with that record of assignment, do not contest its authenticity or its validity.  Instead, they persist in asserting that the assignment never happened without any explanation for how or why an allegedly nonexistent document came to exist in the record before the district court and this Court.[2]

Simply put, the Willises' complaint "tenders naked assertions devoid of further factual enhancement" and fails to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and alteration omitted).  It does not survive Rule 12(b)(6).

**AFFIRMED.**

---

[1] That assignment includes the following provision:  "Assignor hereby assigns unto [GSMC], the said Mortgage, secured thereby, with all moneys now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all powers and all of the covenants and provisos contained therein."

[2] The Willises do not argue that the district court's consideration of documents extraneous to the pleadings was improper.  Any such claim is therefore abandoned.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (stating that issues not briefed on appeal by pro se litigants are deemed abandoned).

3